NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGERS,<br><br>    *Plaintiff*,<br><br>v.<br><br>GERALD SMITH, MICHAEL DACHISEN, PETER KING, PETER TABBOT, & DANIEL MCDONALD,<br><br>    *Defendants*. | Civil Action No. 16-8872<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

### I.    INTRODUCTION

This matter comes before the Court on the motion of Defendants Gerald Smith, Michael Dachisen, Peter King, Peter Tabbot, and Daniel McDonald (collectively "Defendants") to dismiss for failure to state a claim. The Court reviewed all submissions made in support and in opposition to the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, Defendants' motion is granted.

### II.    FACTS AND PROCEDURAL HISTORY

*Pro se* Plaintiff's one-page Complaint[1] alleges that Defendants "made a false claim . . . against [him]" that "did and does harm and injury to [his] good name, freedom, and property."

---

[1] Some of the allegations in the Complaint are not entirely clear to the Court. For instance, Plaintiff pleads that he is "an American State National by birthright," but that he is "not now nor was [he]

Compl. (D.E. 1). Plaintiff requests "discharge of original claim and arrest warrant," and monetary damages from Defendants of varying amounts. *Id.*

Defendants filed the current motion to dismiss, arguing that Plaintiff failed to plausibly plead a cognizable cause of action and that this Court lacks subject matter jurisdiction. D.E. 29. Plaintiff opposed the motion. D.E. 31, 35. Plaintiff's opposition, however, does not substantively address Defendants' motion.

### III.   LAW AND ANALYSIS

Defendants contend that the Complaint should be dismissed because Plaintiff fails to state a claim. According to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss a complaint when it fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss under Rule 12(b)(6) the court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While not a "probability requirement," plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "A claim

---

ever a federal citizen subject to the jurisdiction of the 'United States.'" Compl. (D.E. 1). Plaintiff also states that "the causal agent comes by interference with rights." *Id.*

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015). Additionally, a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Defendants also argue that the Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Pursuant to Fed. R. Civ. P. 12(h)(3), a complaint must be dismissed whenever the Court determines that it lacks subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437 (D.N.J. 1999). Defendants here mount a facial attack to subject matter jurisdiction, which "contests the sufficiency of the complaint because of a defect on its face." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015). For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Here, Plaintiff's Complaint does not plausibly plead a cause of action. Plaintiff does not identify the legal theory or theories under which he is proceeding. To this end, the Court is unable to ascertain whether Plaintiff plausibly pleads the elements necessary to state a claim. Moreover, Plaintiff fails to provide any facts explaining what false claims Defendants made against him or how the false claims damaged his rights.[2] For these reasons, the Complaint fails to plausibly state a claim. Accordingly, Plaintiff's Complaint is dismissed pursuant to Rule 12(b)(6).

Because the Complaint does not plausibly plead a cause of action, the Court cannot ascertain whether it has subject matter jurisdiction over this matter. Plaintiff also fails to specify the basis for the Court's subject matter jurisdiction. If Plaintiff files an amended complaint, he must indicate why this Court has subject matter jurisdiction over this matter.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion is granted. The Complaint is dismissed without prejudice. Within forty-five days of this Opinion, Plaintiff may file an amended complaint addressing the deficiencies noted herein.[3] If Plaintiff does not file an amended complaint within

---

[2] In their motion to dismiss, Defendants explain that this matter arises from a ticket that Plaintiff received from the Rockaway Township Municipal Court due to having an unlicensed dog. Brief at 1 (D.E. 29-1). Defendants attach a copy of the ticket to their motion. *See id.* Ex. H.

[3] If Plaintiff files an amended complaint it shall comport with Local Civil Rule 15.1, which effective May 10, 2017, states that:

> a party who files an amended pleading in response to an Order authorizing the filing of that pleading to cure a defect in its pleading shall file:
> (1) a copy of the amended pleading, complete with a handwritten or electronic signature;
> and
> (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.

that time, this case will be dismissed with prejudice, which means that Plaintiff will not be able to sue Defendants in the future for the conduct complained of in Plaintiff's Complaint. An appropriate Order accompanies this Opinion.

Dated: July 18, 2017

                                                  */s/ John Michael Vazquez*
                                          John Michael Vazquez, U.S.D.J.