## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

THOMAS ROGERS,

      *Plaintiff*,

    v.

GERALD SMITH, MICHAEL DACHISEN,
PETER KING, PETER TABBOT, & DANIEL
MCDONALD,

      *Defendants*.

Civil Action No. 16-8872

**OPINION**

**John Michael Vazquez, U.S.D.J.**

## I.    INTRODUCTION

This matter comes before the Court on the motion of Defendants Gerald Smith, Michael Dachisen, Peter King, Peter Tabbot, and Daniel McDonald (collectively "Defendants") to dismiss Plaintiff's Amended Complaint. Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. D.E. 61. Plaintiff submitted a brief in opposition to this motion, D.E. 64, to which Defendant replied. D.E. 63. Plaintiff then

submitted a sur-reply brief.[1]  D.E. 66.[2]  The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons stated below, Defendants' motion is **GRANTED**.[3]

## II.    FACTS AND PROCEDURAL HISTORY

Plaintiff's one-page Amended Complaint[4] alleges that Defendants on September 20, 2017 "trespassed on [his] rights and property," causing "injury to [his] life, freedom, liberty, property, and pursuit of happiness."  Amended Complaint ("Am. Compl."); D.E. 62-1.  Plaintiff requests "immediate discharge of the complaint against [him]," and monetary damages from Defendants of varying amounts.  *Id.*

Plaintiff filed his original Complaint against Defendants on January 28, 2016.  D.E. 1. Defendants moved to dismiss the Complaint on February 15, 2017.  D.E. 29.  On July 18, 2017, the Court granted Defendants' motion to dismiss Plaintiff's Complaint for failure to plausibly

---

[1] Plaintiff filed a second brief in opposition (D.E. 66) to Defendant's motion to dismiss. Although, Plaintiff did not seek the Court's leave to file a sur-reply as required by Local Civil Rule 7.1, the Court will accept and consider the brief because Plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] In this Opinion, Defendant's motion to dismiss (D.E. 61) will be referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 64) will be referred to as "Pl. Opp."  Defendant's reply brief (D.E. 63) will be referred to as "Def. Rep."  Plaintiff's sur-reply brief (D.E. 66) will be referred to as "Pl. Sur. Rep."

[3] On January 22, 2018, Plaintiff wrote a letter to the Court, in which he appears to object to Defense counsel's attorney certification (D.E. 61-2) and to move for default judgment.  As to the certification, counsel merely certified to exhibits in support of his motion, which is appropriate. In addition, a motion for default judgment against Defendants is inappropriate at this time because of Defendants' pending motion to dismiss.  Defendants have not defaulted.

[4] Plaintiff's allegations in the Amended Complaint are not clear.  For example, Plaintiff states that "the causal agent comes by denial of due process, terroristic threats, kidnapping, and extortion." Am. Compl.; D.E. 62-1.

plead a cause of action. D.E. 59, 60. The Court gave Plaintiff forty-five days to file an amended complaint consistent with the Court's Opinion and Order if Plaintiff so chose. *Id.*

On August 24, 2017, Plaintiff filed an Amended Complaint. Then, on August 29, 2017, Defendants filed the current motion to dismiss, arguing that Plaintiff failed to plausibly plead a cognizable cause of action and that this Court lacks subject matter jurisdiction. D.E. 61. Plaintiff filed a brief in opposition, D.E. 64, to which Defendants replied. D.E. 63. Plaintiff then filed a sur-reply brief. D.E. 66.

### III.    LAW AND ANALYSIS

Defendants contend that the Amended Complaint suffers from the same legal insufficiencies as Plaintiff's original Complaint. First, Defendants argue that the Amended Complaint should be dismissed for failure to state a plausible claim for relief. Def. Brf.; D.E. 61-1. Defendants also reassert their argument that the Amended Complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal

quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Pursuant to Federal Rule of Civil Procedure 12(h)(3), a complaint must be dismissed whenever the Court determines that it lacks subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437 (D.N.J. 1999). Defendants here mount a facial attack to subject matter jurisdiction, which "contests the sufficiency of the complaint because of a defect on its face." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015). For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or

'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Here, Plaintiff's Amended Complaint, like his original Complaint, fails to plausibly plead a cause of action. The Amended Complaint draws the legal conclusion that Defendants trespassed on Plaintiff's rights and property. While this is a different allegation than that alleged in the original Complaint, where Plaintiff claimed that Defendants "made a false claim" against his person (D.E. 1), it also fails to state a claim upon which relief can be granted. Plaintiff fails to allege sufficient facts or identify the legal theory under which he is proceeding in the Amended Complaint. To this end, the Court is unable to ascertain whether Plaintiff plausibly pleads the elements necessary to state a claim of trespass. Plaintiff also fails to provide any plausible facts explaining how Defendants trespassed on his rights and property.[5] For these reasons, the Amended Complaint fails to plausibly state a claim upon which relief can be granted. Accordingly, Plaintiff's Amended Complaint is dismissed pursuant to Rule 12(b)(6).

Because the Amended Complaint does not plausibly plead a cause of action, the Court cannot ascertain whether it has subject matter jurisdiction over this matter. However, neither federal question or diversity jurisdiction appear to be present. While Plaintiff appears to claim that diversity jurisdiction is present, because he recognizes his home as "located on the soil of one of the American republics" rather than on New Jersey soil, he does not provide the Court with any relevant federal case law to justify this assertion. Pl. Sur. Rep. at 2; D.E. 66.

---

[5] In the current motion to dismiss, Defendants explain that this matter arises from a ticket that Plaintiff received from the Rockaway Township Municipal Court due to having an unlicensed dog. Def. Brf.; 61-1. Defendants attach a copy of the ticket to their motion. *See id.* Ex. E. Plaintiff appears to agree with Defendant's explanation in his sur-reply brief. Pl. Sur. Rep. at 4; D.E. 66.

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. Because the Court explained the deficiencies in Plaintiff's original Complaint when the Court granted the first motion to dismiss, and because Plaintiff's Amended Complaint fares no better in approaching the level of plausible allegations necessary (indeed, the Court again cannot determine whether it even has subject matter jurisdiction), the Court finds that any future amendment would be futile.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. The Court further finds that any further amendment would be futile. Therefore, Plaintiff's Amended Complaint is dismissed with prejudice. A dismissal with prejudice means that Plaintiff is precluded from filing any future suit against Defendants concerning the allegations in the Amended Complaint. An appropriate Order accompanies this Opinion.

Dated: January 30, 2018

John Michael Vazquez, U.S.D.J.